**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| HALLEY ASCHER, *et al.*, on behalf of themselves and all others similarly situated, | Master File No. 2:12-md-02311 |
| | Honorable Sean F. Cox |
| Plaintiffs, | |
| v. | |
| ZF TRW AUTOMOTIVE HOLDING CORP., TRW KFZ AUSRÜSTUNG GMBH, LUCAS AUTOMOTIVE GMBH, ROBERT BOSCH GMBH, and ROBERT BOSCH LLC, | |
| Defendants. | |
| IN RE HYDRAULIC BRAKING SYSTEMS | Case No. 2:21-cv-11993 |
| | Case No. 2:21-cv-4503 |
| THIS DOCUMENT RELATES TO: END-PAYOR ACTIONS | |
| HALLEY ASCHER, *et al.*, on behalf of themselves and all others similarly situated, | Master File No. 2:12-md-02311 |
| | Honorable Sean F. Cox |
| Plaintiffs, | |
| v. | |
| ROBERT BOSCH GMBH and ROBERT BOSCH LLC, | |
| Defendants. | |
| IN RE ELECTRONIC BRAKING SYSTEMS | Case No. 2:21-cv-11989 |
| | Case No. 2:21-cv-4403 |
| THIS DOCUMENT RELATES TO: END-PAYOR ACTIONS | |

**ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH THE BOSCH DEFENDANTS AND PROVISIONAL CERTIFICATION OF SETTLEMENT <u>CLASSES</u>**

Upon consideration of End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with the Bosch Defendants and Provisional Certification of Settlement Classes ("Motion"), it is hereby **ORDERED** as follows:

1.　　　The Motion is hereby **GRANTED**.

2.　　　Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

Preliminary Approval of Settlement Agreement

3.　　　The Court has analyzed the factors set forth in Federal Rule of Civil Procedure ("Rule") 23(e)(2) as recently amended. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to a Fairness Hearing.

4.　　　The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

Class Certification

5.　　　Pursuant to Rule 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following classes for settlement purposes ("Settlement Classes"):

(a)　　　"Hydraulic Braking Systems Class" is defined as:

> All persons and entities that, from February 13, 2007 through December 31, 2017, purchased or leased a new Vehicle[1] in the United States not for resale, which included one or more Hydraulic Braking

---

[1] "Vehicles" are defined in the Settlement Agreement to refer to "new four-wheeled passenger automobiles, vans, sports utility vehicles, and crossover or pick-up trucks." *See* Settlement Agreement at ¶ 16.

System(s) as a component part, or indirectly purchased one or more Hydraulic Braking System(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Hydraulic Braking Systems directly or for resale.

(b)     "Electronic Braking Systems Class" is defined as:

All persons and entities that, from September 29, 2010 through December 31, 2017, purchased or leased a new Vehicle in the United States not for resale, which included one or more Electronic Braking System(s) as a component part, or indirectly purchased one or more Electronic Braking System(s) as a replacement part, which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Electronic Braking Systems directly or for resale.

Settlement Agreement ¶ 12.

6.     The Court finds that provisional certification of the Settlement Classes is warranted in light of the Settlement Agreement because: (a) the Settlement Classes are so numerous that joinder is impracticable; (b) End-Payor Plaintiffs' claims present common issues and are typical of the Settlement Classes; (c) End-Payor Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Classes; and (d) common issues predominate over any individual issues affecting the members of the Settlement Classes. The Court further finds that End-Payor Plaintiffs' interests are aligned with the interests of all other members of the Settlement Classes. The Court also finds that settlement of the above-captioned actions ("Actions") on a class basis is superior to other means of resolving the matter.

<u>Appointment of Settlement Class Counsel</u>

7.     The Court hereby appoints Cotchett, Pitre & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P. as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

8.     Each End-Payor Plaintiff class representative named in the operative complaint in the Actions will serve as an End-Payor Plaintiff class representative on behalf of the Settlement Classes.

<u>Notice to Potential Class Members</u>

9.     Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent order following submission by End-Payor Plaintiffs at a later date of a proposal for notice to the Settlement Classes and related forms for notice, claims and distribution ("Notice Motion").

10.     The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

<u>Other Provisions</u>

11.     As more fully set forth in the Settlement Agreement, Robert Bosch GmbH and Robert Bosch LLC  (together, "Bosch") agree to cooperate with End-Payor Plaintiffs in connection with the continued prosecution of the Actions.

12.     In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement,

and without prejudice to the status quo and rights of End-Payor Plaintiffs, Bosch, and the members of the Settlement Classes.

13.     The Court's provisional certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including Bosch, to contest certification of any other class proposed in *In re Automotive Parts Antitrust Litigation.* The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the Action or in *In re Automotive Parts Antitrust Litigation* or on the Court's ruling(s) concerning any Defendant's motion. No party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

14.     The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

15.     The litigation against Releasees (as defined in the Settlement Agreement with Bosch) is stayed except to the extent necessary to effectuate the Settlement Agreement and that Bosch need not answer or otherwise respond to the Complaint unless and until otherwise ordered

by the Court.

      SO ORDERED.

Dated: September 20, 2021                           s/Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Judge