# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 2:12-md-02311<br>Hon. Sean F. Cox |
| IN RE EXHAUST SYSTEMS<br>IN RE ELECTRONIC BRAKING<br>  SYSTEMS<br>IN RE HYDRAULIC BRAKING<br>  SYSTEMS | Case No. 2:16-cv-03703, 2:16-cv-11082<br>Case No. 2:21-cv-04403, 2:21-cv-11989<br><br>Case No. 2:21-cv-04503, 2:21-cv-11993 |
| THIS DOCUMENT RELATES TO:<br>End-Payor Actions | |

**ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION FOR AN ORDER APPROVING THE PROPOSED PLAN OF ALLOCATION IN CONNECTION WITH THE ROUND 5 SETTLEMENTS**

The above matter is duly before the Court on End-Payor Plaintiffs' ("EPPs'")[1] motion for an order approving the proposed Plan of Allocation in connection with the Bosal,[2] Bosch,[3] and TRW[4] settlements (together, "Round 5 Settlements"). The Court has reviewed EPPs' Memorandum of Law in support of their motion and proposed Plan of Allocation. The Court has also considered the notice program and notice forms in connection with the Round 5 Settlements and the notice given to the Settlement Classes in accordance with the Court's order granting EPPs' Unopposed Motion for Authorization to Disseminate Notice to the Settlement Classes in Connection with the Bosal, Bosch, and TRW Settlements (*see, e.g.*, ECF Nos. 202 (motion), 203 (order)).[5] Based on the entire record of these proceedings, and good cause appearing therefore,

**IT IS HEREBY ORDERED** as follows:

---

[1] All capitalized terms shall have the same meaning set forth in EPPs' Motion for An Order Approving the Proposed Plan of Allocation.

[2] "Bosal" collective refers to Defendants Bosal Industries Georgia, Inc. and Bosal USA, Inc.

[3] "Bosch" collectively refers to Defendants Robert Bosch GmbH and Robert Bosch LLC.

[4] "TRW" collectively refers to Defendants ZF TRW Automotive Holdings Corp, ZF Friedrichshafen AG (the successor in interest into which TRW KFZ Ausrüstung GmbH merged), and Lucas Automotive GmbH (now known as ZF Active Safety GmbH).

[5] Unless otherwise noted, all ECF references are to *Exhaust Systems*, Case No. 2:16-cv-03703.

1

1.     Given that the proposed Plan of Allocation in connection with the Round 5 Settlements is fair, reasonable, and adequate, the Court hereby approves it.

2.     Pursuant to and in compliance with Federal Rule of Civil Procedure ("Rule") 23, and the requirements of constitutional due process, the Court finds that due and adequate notice was directed to the Settlement Classes of the proposed Plan of Allocation and the right of Settlement Class members to be heard or object, and a full and fair opportunity was accorded to Settlement Class members to be heard with respect to the proposed Plan of Allocation.

3.     Under Rule 23, "[a]pproval of a plan of allocation of a settlement fund in a class action is governed by the same standards of review applicable to approval of the settlement as a whole; the distribution plan must be fair, reasonable and adequate." *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 6209188, at *15-16 (E.D. Mich. Dec. 13, 2011) (quoting *Meijer, Inc. v. 3M*, Civ. No. 04-5871, 2006 WL 2382718, at*17 (E.D. Pa. 2006)); *In re Ikon Office Solutions Sec. Litig.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000)). The purpose of a plan of allocation is to create a method that will permit the equitable distribution of settlement proceeds to all eligible members of the class.

4.     Accordingly, as courts have observed, "[a] district court's 'principal obligation' in approving a plan of allocation 'is simply to ensure that the fund distribution is fair and reasonable as to all participants in the fund.'" *Sullivan v. DB*

*Investments, Inc.*, 667 F.3d 273, 326 (3d Cir. 2011) (quoting *Walsh v. Great Atl. & Pac. Tea Co., Inc.*, 726 F.2d 956, 964 (3d Cir. 1983)).

5.      "Typically, a class recovery in antitrust or securities suits will divide the common fund on a *pro rata* basis among all who timely file eligible claims, thus leaving no unclaimed funds." *In re Packaged Ice Antitrust Litig.*, at *12 (quoting 3 Newberg on Class Actions, § 8:45 (4th ed. 2011)); *see also In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 531 (E.D. Mich. 2003) (approving a plan of allocation that adopted a *pro rata* method for calculating each class member's share of the settlement fund as fair and reasonable). As a result, courts have previously found that using a *pro rata* formula for calculating each class member's share of a settlement fund is fair and reasonable.

6.      Courts have also determined that a plan of allocation providing for a minimum payment, to incentivize claims distribution and avoid *de minimis* settlement payments, can be fair and reasonable. *See, e.g., Downes v. Wis. Energy Corp. Ret. Account Plan*, No. 09-C-0637, 2012 WL 1410023, at *3 (E.D. Wis. Apr. 20, 2012) ($250 minimum); *In re Initial Pub. Offering Sec. Litig.*, 671 F. Supp. 2d 467, 498 (S.D.N.Y. 2009) ($10 minimum); *In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 143 (D.N.J. 2013) ($10 minimum); *Mehling v. N.Y. Life Ins. Co.*, 248 F.R.D. 455, 463-64 (E.D. Pa. 2008) ($50 minimum); *Slipchenko v. Brunel Energy,*

*Inc.*, No. CIV.A. H-11-1465, 2015 WL 338358, at *21 (S.D. Tex. Jan. 23, 2015) ($100 minimum).

7.      It is well-settled that "a Plan of Allocation need not be, and cannot be, perfect." *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 235, 272 (D.N.J. 2000), *aff'd*, 264 F.3d 201 (3d Cir. 2001), *cert. denied*, 535 U.S. 929 (2002); *see also Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 667 (S.D.N.Y. 2015) (As many courts have held, a plan of allocation need not be perfect. Instead, "[a]n allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." (internal quotations omitted)). Although the satisfaction of everyone is generally unobtainable, *In re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. 231, 258 (E.D. Del. 2002), aff'd, 391 F.3d 516, 534 (3d Cir. 2004), a plan of allocation should strive to obtain a delicate balance between precision and administrative convenience, *see, e.g., Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 326 (3d Cir. 2011).

8.      The Automotive Parts included in the Round 5 Settlements are Electronic Braking Systems, Hydraulic Braking Systems, and Exhaust Systems. The defendants included in the Round 5 Settlements are Bosal, Bosch, and TRW. EPPs propose a Plan of Allocation in connection with the Round 5 Settlements that is substantially similar to the Plans of Allocation that the Court previously approved in connection with the Rounds 1 through 4 Settlements.

4

9.     The Plans of Allocation for the Rounds 1 through 3 Settlements provide that authorized claimants will share and share alike on a *pro rata* basis in the Net Settlement Funds[6] established for each Settlement Class of which they are members. *See*, *e.g.*, No. 2:15-cv-03003 (June 14, 2018), ECF No. 93 (order approving plan of allocation in connection with Round 3 Settlements).

10.     The Plan of Allocation for the Round 4 Settlements is substantially similar to that of the Rounds 1 through 3 Settlements except it (1) modifies the *pro rata* allocation by initially distributing $100 to all eligible class members (assuming sufficient funds exist for each class member claimant to receive at least $100); (2) modifies the *pro rata* allocation based on the adjusted weighting of certain purchases or leases of Vehicles[7] containing automotive parts that defendants' anticompetitive conduct targeted (which will be weighted at four times in comparison to other Vehicles and replacement Automotive Parts); and (3) clarifies that Settlement Class members who purchased or leased a qualifying Vehicle not for resale or purchased a qualifying replacement Automotive Part not for resale in a damages state are eligible to share in the Net Settlement Funds regardless of whether the individual resided, or the business had its principal place of business, in a non-damages state at

---

[6] "Net Settlement Funds" means the total settlement funds less all taxes, class notice and claim administration expenses, and attorney's fees and costs awarded by the Court to Settlement Class Counsel.

[7] "Vehicles" shall refer to new four-wheeled passenger automobiles, vans, sports utility vehicles, and crossover or pick-up trucks.

the time of such purchase or lease. *See, e.g.*, Master File No. 2:12-md-02311 (Dec. 20, 2019), ECF No. 2032 (order approving further revised plan of allocation in connection with Round 4 Settlements).

11.    The proposed Plan of Allocation for the Round 5 Settlements is substantially similar to the Plan of Allocation for the Round 4 Settlements except it clarifies that: (1) a Settlement Class member who has a claim in the Round 5 Settlements as well as the Rounds 1 through 4 Settlements will only receive one $100 minimum payment covering all of the Settlement Class member's claims across the Rounds 1 through 5 Settlements; and (2) additional identified qualifying Vehicles or qualifying replacement Automotive Parts claimed for the Round 5 Settlements will only apply to the Round 5 Settlements and will not apply to the Rounds 1 through 4 Settlements.[8]

12.    The Court finds the two aforementioned clarifications are appropriate because the amount of the Round 5 Settlements ($3,154,000) significantly differs from the amount involved in the Rounds 1 through 4 Settlements ($1.2 billion) and the claims submission deadline for the Rounds 1 through 4 Settlements (*i.e.*, June 18, 2020) has long since passed.

---

[8] Earlier this year, the Court entered an order setting forth the terms and conditions under which the claims administrator, Epiq, will process and administer claims submitted by Class Action Capital on behalf of Fleet Management Companies represented by Class Action Capital to recover based on eligible Vehicles in the EPP settlements. *See* Master File No. 2:12-md-02311 (Jan. 10, 2022), ECF No. 2182.

6

13.     As part of the proposed Plan of Allocation in connection with the Round 5 Settlements, timely and otherwise valid claims previously submitted by potential members of the Round 5 Settlement Classes will automatically be considered for participation in the Round 5 Settlements (*i.e.*, claimants are not required to submit a new claim, but they can supplement their existing claim with information relating to qualifying Vehicles not for resale or qualifying replacement Automotive Parts not for resale included for the first time in the Round 5 Settlements, which are separately identified on the Settlement Website).[9] Potential members of the Round 5 Settlement Classes who have not previously submitted claims, however, may only submit a claim to participate in the Round 5 Settlements.

14.     The Court also finds that this procedure is appropriate given the claims submission deadline for the Rounds 1 through 4 Settlements has long since passed and given the existence of overlap between the qualifying Vehicles not for resale and qualifying replacement Automotive Parts not for resale included in the Rounds 1 through 4 Settlements and the Round 5 Settlements.

15.     The Court hereby finds and concludes that the proposed Plan of Allocation provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Funds among members of the respective Settlement Classes with due regard having been given to considerations of administrative convenience.

---

[9] "Settlement Website" refers to www.autopartsclass.com.

7

16.     The Court now hereby approves the proposed Plan of Allocation in connection with the Round 5 Settlements.

IT IS SO ORDERED.

Dated:  February 6, 2023                          s/Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Judge